# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LARRY HASTINGS, individually and )
d/b/a K & L BLACKHOE SERVICES, )
an unincorporated entity, and )
KATHY HASTINGS, )
  )
     Plaintiffs, )   C.A. No. N15C-12-242 ALR
  )
  v. )
  )
NICOLE ANN HOSLER )
  )
     Defendant. )

Submitted: December 12, 2017 & January 3, 2018
Decided: January 3, 2018

***Upon Plaintiff's Motion for Summary Judgment***
**DENIED**

***Upon Defendant's Motion to Compel***
**DENIED**

## ORDER

Upon consideration of the Motion for Summary Judgment filed by Plaintiffs Larry Hastings, Kathy Hastings, and K & L Backhoe Services (collectively, "Plaintiffs"); Defendant Nicole Ann Hosler's ("Defendant") opposition thereto; the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On December 30, 2015, Plaintiffs brought this action against Defendant alleging that Defendant was in default of several loans. Plaintiffs allege that they made various loans to Defendant beginning in 2012 that Defendant has not repaid. Specifically, Plaintiffs allege that Defendant owes the following amounts: $9,408.97 to Larry and Kathy Hastings; $47,410.00 to K & L Backhoe Services; and $10,791.56 to Larry Hastings. Plaintiffs also allege that Defendant owes Larry and Kathy Hastings $1,000.00 for posting a bond for Defendant. In total, Plaintiffs allege that Defendant owes $68,610.53 under the various loans.

2. Defendant answered Plaintiffs' complaint on June 16, 2016. Defendant is self-represented.

3. Plaintiffs now move for summary judgment. Plaintiffs contend that Defendant's sole defense is that she was addicted to drugs at the time she entered into the various loans, and that Defendant has not put forth any evidence to show that Plaintiffs knew she was under the influence at the time Defendant entered into each agreement. Defendant opposes Plaintiffs' motion.

4. In addition, Defendant filed a motion to compel, alleging that Plaintiffs failed to provide discovery responses by the November 18, 2017 deadline. However, Defendant did not specify what discovery responses she is seeking. Plaintiffs oppose Defendant's motion.

5.     The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

6.     There are limited circumstances in which intoxication allows a person to avoid contractual duties.[4] The Second Restatement provides:

> A person incurs only voidable contractual duties by entering into a transaction if the other party has reason to know that by reason of intoxication (a) he is unable to understand in a reasonable manner the nature and consequences of the transaction, or (b) he is unable to act in a reasonable manner in relation to the transaction.[5]

Thus, the other party to the contract must know that intoxicated person lacks capacity at the time of contract formation for the contract to be voidable.[6]

---

[1] Super. Ct. Civ. R. 56(c).

[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).

[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[4] Restatement (Second) of Contracts § 16 (1981) ("Second Restatement"); *see also Robino v. Robino*, 2017 WL 3500246, at *1 (Del. Ch. Aug. 16, 2017).

[5] Second Restatement § 16.

[6] *Id.* at cmt. a ("Hence a contract made by an intoxicated person is enforceable by the other party even though entirely executory, unless the other person has reason to know that the intoxicated person lacks capacity.").

3

7.     In *Robino*, a defendant sought to invalidate a settlement agreement on the grounds that it was the product of his "diminished capacity…resulting from his ongoing battle with substance abuse."[7] In support, the defendant submitted various medical records to support his claim that he had been treated for substance abuse-related issues.[8] The Court rejected his argument, concluding that evidence of a substance abuse problem by itself did not corroborate "that he was incapacitated by intoxication" at the time he entered into the settlement agreement, or that the other party would have any reason to know of the intoxication.[9]

8.     Plaintiffs argue that Defendant's "intoxication" defense contains the same deficiencies as the defendant's in *Robino*. Plaintiffs argue that Defendant has only produced evidence that she generally suffers from a drug addiction, not that she was intoxicated at the time she entered into the loans or that Plaintiffs knew of any intoxication. As a result, Plaintiffs contend that Defendant cannot dispute her obligations under the various loan agreements, and that they are entitled to judgment as a matter of law.

9.     However, the Court finds that summary judgment is not appropriate in this case. In addition to the evidence that she generally suffers from a drug addiction, Defendant argues that Plaintiffs did in fact know she was intoxicated at the time she

---

[7] *Robino*, 2017 WL 3500246 at *1.
[8] *Id.*
[9] *Id.*

4

entered into the various loan agreements. In addition, Defendant has indicated that her mother will testify to this effect on her behalf. As a result, the Court finds there is a dispute of material fact regarding whether Defendant was intoxicated at the time of entering into the loan agreements and whether Plaintiffs knew about her intoxication. As a result, summary judgment is not appropriate.

10. In addition, the Court finds that there are inconsistencies with respect to the nature of the loan agreements, and the amounts Plaintiffs claim are due thereunder, that preclude summary judgment. Plaintiffs attached various loan documents to their motion for summary judgment.[10] Upon review, these loan documents do not seem to support Plaintiffs' calculation of the amounts due. For example, while Plaintiffs indicate that Defendant owes K & L Backhoe Services $47,410.00, K & L Backhoe Services is not listed as a lender on any of the loan documents. Similarly, while there are loan documents listing either Larry Hastings or Larry and Kathy Hastings as the lenders, the amounts do not seem to equal the amount sought in this action.[11]

---

[10] Pls.' Mot. for Summ. J., Nov. 19, 2017, Ex. A.
[11] Larry Hastings is listed as the lender for loans totaling $15,950.00. Larry and Kathy Hastings are listed as the lenders for loans totaling $62,679.00. However, during Defendant's deposition, counsel for Plaintiffs indicated that one of the loan documents may represent a consolidation of all previous loans rather than a new loan amount.

11. Further, some of the loan documents appear to be missing vital information. For example, the purported loan made on March 20, 2013 lists various amounts given to Defendant by Larry Hastings, but does not contain a promise by Defendant to repay those amounts. In addition, the last loan document provided to the Court contains only the amount of the loan and Defendant's signature. It does not list the name of a lender, the date of the loan, or the date for repayment.

12. The Court finds that there are material facts in dispute regarding whether Defendant was intoxicated at the time of the loan agreements and whether Plaintiffs had knowledge of her intoxication. In addition, the Court finds that there are inconsistencies between the loan documents provided by Plaintiffs and the amounts sought thereunder. As a result, Plaintiffs motion for summary judgment must be denied.

13. The Court also finds that Defendant's motion to compel is without merit because both parties have produced discovery in this case. On October 17, 2016, Plaintiffs filed a motion to compel, seeking an order compelling Defendant to respond to Plaintiffs' interrogatories and document requests. On November 1, 2016, Defendant filed a motion for discovery, asking Plaintiffs to provide documentation for the various loan agreements. On November 1, 2016, this Court ordered Defendant to respond to Plaintiffs' interrogatories and document requests and ordered Plaintiff to respond to Defendant's discovery requests. Both parties

6

complied with the Court's Order and produced discovery. Thus, Defendant's assertion that Plaintiffs failed to provide discovery responses by the November 18, 2017 deadline is without support in the record. Nevertheless, to the extent that either party failed to produce any additional documents in discovery before the discovery deadline, those documents will be excluded at trial.

**NOW, THEREFORE, this 3rd day of January, 2018, Plaintiffs' Motion for Summary Judgment is hereby DENIED; Defendant's Motion to Compel is hereby DENIED. Pursuant to the Court's Scheduling Order dated January 18, 2017, this matter will proceed to a two-day bench trial beginning on March 14, 2018. The parties are reminded that the Pretrial Stipulation is due on March 1, 2018.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**